COSS v. DETROIT FORGING CO. et al.

(Circuit Court of Appeals, Sixth Circuit. February 8, 1916.)

No. 2662.

PATENTS ☞328—INVENTION—BOW SOCKETS FOR CARRIAGE TOPS.

The Coss patent, No. 1,002,649, for bow sockets for carriage tops, covers specifically the attachment of the spreader members to the tubular sockets by means which were common to devices of that type, and is void for lack of invention.

Appeal from the District Court of the United States for the Eastern District of Michigan; Arthur J. Tuttle, Judge.

Suit in equity by James C. Coss against the Detroit Forging Company and H. Scherer & Co. Decree for defendants, and complainant appeals. Affirmed.

Obed C. Billman, of Cleveland, Ohio, for appellant.
R. A. Parker, of Detroit, Mich., for appellees.

Before KNAPPEN and DENISON, Circuit Judges, and HOLLISTER, District Judge.

DENISON, Circuit Judge. Suit for infringement of patent No. 1,002,649, September 5, 1911, to James C. Coss, the complainant below. Infringement was clear; but the District Court held the patent invalid, and Coss appeals.

The bows which support the folding top of a buggy or automobile have downwardly bent tips inserted in the ends of metal tubes which are known as bow sockets. When the top is folded back, these bow sockets approach each other closely, and it is necessary that they be held firmly in the desired relative position. For this purpose, the maker adds what are known as "spreaders" or "separators," which consist of a lug or head attached to the lower side of one bow socket, and a corresponding small socket or pocket oppositely attached to the upper side of the next bow socket, so that when the lug and pocket mutually engage as far as possible, the two bow sockets are barred against further motion towards each other, and are, in large degree, held against relative side motion. At the time of Coss' supposed invention, bow socket separators were well known, in variant forms, and they were attached in different ways to their respective bow sockets. The most common method of attachment was to construct the head half and the socket half of the separator each with a base plate or flange concaved to fit the bow socket, and then to attach this flange to the bow socket with two or four screws through holes punched or drilled through the flange and through the metal tube of the bow socket and passing into its wooden core. What Coss did was to omit this flange and base, make a hole through the center of each half separator and a corresponding hole through the bow socket tube, insert a headed rivet through the holes from inside of the tube, and then upset this rivet on the outside of the half separator, making it flush

either with the top of the head or with the bottom of the socket. After this, he inserted the wooden core. Based on this construction, his patent claimed:

"In a carriage top, a plurality of tubular bow sockets, head and socket members fitted thereon, and rivet members secured to said bow sockets by having their heads disposed within the walls of said bow sockets, and passing axially through and riveted to said head and socket members."

Of course, there was nothing patentable merely in attaching together two parts by rivets instead of by screws, and it would seem that any claim of patentable invention must rest on the axial character of this riveted attachment. It is not impossible that there would once have been invention, depending on the additional cheapness and efficiency to be derived from riveting these separator members at only one spot, and that in their center; but this was not new. Decker, by patent No. 875,052, intended for precisely the same use, used separator members of the same form and fastened them to the bow socket by axial riveting. The only difference was that his axial rivets extend entirely through the bow socket and its core, and the opposite heads of the same rivet attach a head member on one side of the bow socket and a socket member on the other side. Even after Decker, the change from his form to an effective riveting to one wall of a hollow tube so small and so fragile as these bow sockets suggests difficulties which might call for invention in overcoming them, and the first man to do so might receive an appropriate patent; but the record shows that such riveting to such tubes was the commonest expedient. Any part intended for receiving and holding something, as these separator sockets are, and attached to the outside of anything like a bow socket, is properly called a "clip" attached thereto. Clips of other forms are shown riveted to a whip socket, in the Johnson patent, No. 479,811, and to a bow socket, in Lane, No. 550,512; and it is conclusively proved, without attempt to dispute, that clips for holding movable crossbraces had been so riveted to bow sockets for many years before Coss' first construction.

Coss did not make a new combination of elements so as to produce what the law can consider a new result; he took an existing form of spreader, attached and used in its existing location; he did nothing new except to fasten it to its base by a method already common for devices of that type. Perhaps there is no more concretely pertinent authority than Howard v. Stove Works, 150 U. S. 164, 168, 169, 14 Sup. Ct. 68, 37 L. Ed. 1039. See, also, our opinions in Adrian Co. v. United Co., 223 Fed. 342, 345, 138 C. C. A. 604, and Star Hame Mfg. Co. v. United States Hame Co., 227 Fed. 876, —— C. C. A. ——.

The decree dismissing the bill is affirmed.